Steven H. Weinstein (086724)
Spencer Y. Kook (205304)
James C. Castle (235551)
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399
Emails:  sweinstein@bargerwolen.com
         skook@bargerwolen.com
         jcastle@bargerwolen.com

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF VISALIA,<br><br>Plaintiff,<br><br>vs.<br><br>Chartis, Inc., Chartis Aerospace Insurance Services, Inc.; Chartis Claims, Inc.; Charter Global Claims Service, Inc.; Chartis Global Services, Inc.; Chartis Insurance Agency, Inc. Chartis Casualty Company; Chartis Property Casualty Company; Chartis Warranty Guard, Inc.; National Union Fire Insurance Company of Pittsburg, PA; The Insurance Company of the State of Pennsylvania; American Home Assurance Company; New Hampshire Insurance Company; AIU Insurance Company; Commerce and Industry Insurance Company; Illinois National Company; American International South Insurance Company; American International Visalia Insurance Company; Granite State Insurance Company; Landmark Insurance Company; National Union Fire Insurance Company of Louisiana; and DOES 1-50 inclusive.,<br><br>Defendants. | CASE NO.  1:12-CV-01181-AWI-SMS<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THE NOTICE OF MOTION AND MOTION TO STAY OR DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Filed concurrently with Notice of Motion and Motion; Declaration of Evan Smoak, and Proposed Order]<br><br>DATE:    August 27, 2012<br>TIME:    1:30 p.m.<br>CTRM:    2<br>JUDGE:   Hon. Anthony W. Ishii<br><br>Complaint Filed: May 31, 2012 |

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

## TABLE OF CONTENTS

**PAGE**

1.  INTRODUCTION ................................................................................................1

2.  STATEMENT OF RELEVANT FACTS ...........................................................2

    A.  The Insurance Program and The Payment Agreement.................................2

        (1)  Plaintiff's Payment Obligations Under the Payment
            Agreements..............................................................................2

        (2)  The Parties' Agreement to Arbitrate Payment Disputes and Any
            Other Disputes Arising Out of the Payment Agreements...................4

    B.  Plaintiff's Allegations in this Action.........................................................5

        C.  The Parties Have Begun the Arbitration Process.................................6

3.  LEGAL ARGUMENT .........................................................................................6

    A.  This Action Should Be Dismissed Because the Disputes Raised By
        This Action Are Encompassed by the Broad Arbitration Provision in
        the Payment Agreements...........................................................................6

    B.  Alternatively, this Action Should Be Stayed Pending Completion of
        the Already Pending Arbitration................................................................9

4.  CONCLUSION ..................................................................................................10

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

# **TABLE OF AUTHORITIES**

**PAGE**

## **Cases**

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643 S. Ct. 1415 (1986) .................................................................................................... 6

*Janmort Leasing, Inc. v. Econo-Car International, Inc.*, 475 F. Supp. 1282 (E.D.N.Y. 1979) ...................................................................................... 10

*Luna v. Kemira Specialty, Inc.*, 575 F. Supp. 2d 1166 (C.D. Cal. 2008) ............. 7, 9

*Momot v. Mastro*, 652 F.3d 982 (9th Cir. 2011) ............................................. 1, 9, 10

*Moses H. Cone Memo. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1 (1983) ........... 7

*Paramount Farms, Inc. v. Ventilex B.V.*, 2009 U.S. Dist. LEXIS 6980 (E.D. Cal. Jan. 22, 2009) ..................................................................................... 10

*Sparling v. Hoffman Constr. Co.*, 864 F.2d 635 (9th Cir. 1988) ........................ 7, 9

*Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960) ................. 6

## **Statutes**

9 U.S.C. §1 ............................................................................................................ 1

9 U.S.C. § 3 ............................................................................................... 1, 7, 10

# 1.   **INTRODUCTION**

In this action, Plaintiff City of Visalia ("Plaintiff") contends that it should not be required to make payments to Defendants for workers' compensation insurance claims incurred in 1999 to 2001.  Plaintiff's payment obligations are governed by Payment Agreements, which provide that "any" payment disputes, as well as "any other unresolved dispute" arising under the Payment Agreements, *including any questions of arbitrability*, must be arbitrated.  Because this arbitration agreement encompasses Plaintiff's action over its payment obligation to Defendants, the Federal Arbitration Act, 9 U.S.C. §1 *et seq*., requires arbitration of these claims and dismissal of this case.

Plaintiff is fully aware of the mandatory arbitration provisions in the Payment Agreements and submitted itself to, and participated in, the currently pending arbitration proceeding prior to the filing of this action.  Pursuant to a demand for arbitration made upon Plaintiff on March 28, 2012 for payment of monies at issue in this action, the parties have selected arbitrators and are in the process of selecting an umpire.  As provided under the Payment Agreements, the arbitration panel will take evidence and rule on Plaintiff's payment obligations.  Insofar as there may be any dispute over the scope of the arbitration, by contract the panel is to address any questions of arbitrability.

Given the arbitration provision in the Payment Agreements and the commencement of the arbitration process, this action should be dismissed under Rule 12 (b)(6) for failing to state a clam upon which relief may be granted in this Court.  Alternatively, the Court should stay the action pending completion of the arbitration process.  At a minimum, this Court must stay this action under 9 U.S.C. § 3 to enable the arbitrators to decide the question of arbitrability, in the event the Court finds such a question exists.  *See Momot v. Mastro*, 652 F.3d 982, 987-88 (9th Cir. 2011).

## 2.   STATEMENT OF RELEVANT FACTS

### A.   The Insurance Program and The Payment Agreement

The workers' compensation coverage that was provided to the Plaintiff (the "Program"), was governed by two Payment Agreements, effective June 30, 1999 (the "1999 Payment Agreement) and June 30, 2000 (the "2000 Payment Agreement"), and certain Schedules and Addenda thereto.  [Copies of the 1999 and 2000 Payment Agreement are attached as Exhibits 1 and 2, respectively, to the Declaration of Evan Smoak ("Smoak Decl.")).]  The Payment Agreements were entered into by Plaintiff, on the one hand, and Defendant National Union Fire Insurance Company of Pittsburgh, PA, on behalf of itself and all companies affiliated with National Union that provided insurance coverage and services to Plaintiff ("National Union"), on the other hand.  [Smoak Decl., Exhs. 1 & 2, p. 1.]

The Payment Agreements *inter alia*, permit the extension of credit to Plaintiff and deferral of full payment for insurance and services provided by National Union and affiliated companies who provided insurance services, requires Plaintiff to post collateral for that extension of credit, and governs Plaintiff's payment obligation for insurance and services, such as the payment of $540,991 for claims incurred during 1991-2001 that Plaintiff disputes in its Complaint.  [*See generally*, Smoak Decl., Exhibits 1 & 2.]  The Payment Agreements also provide that any disputes over payment and other dispute arising thereunder must be submitted to arbitration.

### (1)   Plaintiff's Payment Obligations Under the Payment Agreements

The section of the Payment Agreements titled "WHAT HAVE YOU AND WE AGREED TO" states:

"*We* **have agreed** to the following:

- to provide *you* insurance and services according to the *Policies* and other agreements; and

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

- to extend credit to *you* by deferring our demand for full payment of the entire amount of *Your Payment Obligation* if *you* make partial payments according to this Agreement;

To induce us to agree as above,

***You* have agreed** to the following:

- to pay us all *Your Payment Obligation* and to perform all *your* other obligations according to this Agreement and Schedule for all entities covered by the *Policies*;

- to provide us with collateral according to this Agreement and *Schedule*;"

[Smoak Decl., Exhibits 1, 2 (Payment Agreements) at p. 3 (emphasis in original).]

"Your Payment Obligation" is defined in part as follows:

"Your Payment Obligation" means the amounts that you must pay us for the insurance and services in accordance with the terms of the *Policies*, this Agreement, and any similar primary casualty insurance policies and agreements with us incurred before the inception date hereof. Such amounts shall include, but are not limited to, any of the following, including any portions thereof not yet due and payable:

- the premiums and premium surcharges, taxes and assessments,

- *Deductible Loss Reimbursements,*

- any amount that we may have paid on *your* behalf because of any occurrence, accident, offense, claim or suit with respect to which you are a self-insurer,

- any other fees, charges, or obligations as

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

> shown in the Schedule or as may arise as
> you and we may agree from time to time,

[Smoak Decl., Exhibits 1, 2, pp. 3-4 (Payment Agreements) (emphasis in original).]

(2)    The Parties' Agreement to Arbitrate Payment Disputes and Any Other Disputes Arising Out of the Payment Agreements

The Payment Agreements contain a broad arbitration clause (the "Arbitration Agreement") that requires arbitration of "any" dispute about payment due, as well as "[a]ny other unresolved dispute" arising from the Payment Agreements:

**HOW WILL DISAGREEMENTS BE RESOLVED?**

**What if we disagree about payment due?**

If *you* disagree with us about any amount of *Your Payment Obligation* that we have asked *you* to pay, within the time allowed for payment *you* must:

- give us written particulars about the items with which *you* disagree; and

- pay those items with which *you* do not disagree.

We will review the disputed items promptly and provide *you* with further explanations, details, or corrections. ... Any disputed items not resolved within 60 days after our response to your written particulars must immediately be submitted to arbitration as set forth below. ...

**What about disputes other than disputes about payment due?**

Any other unresolved dispute arising out of this Agreement must be submitted to arbitration.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

(Bold and italics in original; underline added.)
[Smoak Decl., Exhibits 1, 2 (Payment
Agreements) at p. 8.]

The Payment Agreements further provide that the arbitrators "will have
exclusive jurisdiction over the entire matter in dispute, including any question as to
its arbitrability." [Smoak Decl., Exhibits 1, 2 (Payment Agreements) at 9.]

### B.   Plaintiff's Allegations in this Action

As alleged, Defendants delivered an invoice to Plaintiff on or about May 10,
2010 demanding payment of $540,991 relating to claims made under the workers'
compensation policies issued to Plaintiff during the 1999 to 2001 period. [*Cmplt.* ¶
29.] Plaintiff contends it was surprised by this invoice because Defendants allegedly
"failed to provide annual reviews, calculations, or notices for the policies during the
prior years." [*Cmplt.* ¶ 30.] Plaintiff contends the demand for this money is "time-
barred" and Defendants' alleged continued demand for payment constitutes breach of
the implied covenant of good faith and fair dealing. [*Cmplt.* ¶ 42.]

Plaintiff also contends that Defendants negligently adjusted claims, failed to
keep Plaintiff apprised of claims that Defendants were resolving on their behalf, and
failed to properly notify Plaintiff of any claims for additional premium. [*Cmplt.* ¶ 33]
Plaintiff claims Defendants "mishandled and settled claims for the sole purpose of
increasing revenue to Defendants at the expense of Plaintiff." [*Cmplt.* ¶ 33]  In other
words, Plaintiff alleges that it was Defendants mishandling of claims that generated
the $540,991 invoice and, therefore, Plaintiff does not owe that payment amount.

Plaintiff also alleges that "each of the Defendants, whether named or unnamed,
were the agents, employees, successors, subsidiaries, delegates, and assigns of each
of the remaining Defendants and were at all times herein mentioned acting within the
scope of said agency, employment, successor relationship, subsidiary relationship,

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

delegate relationship, and assignment." [*Cmplt.* ¶ 26]  By this allegation, Plaintiff contends that Defendants were essentially acting as one in terms of their conduct and in terms of being bound by the provisions in the Payment Agreements

### C.    The Parties Have Begun the Arbitration Process

On March 28, 2012, National Union, on behalf of itself and its affiliates who provided insurance services, demanded arbitration with Plaintiff.  [Smoak Decl., Exh. 3]  The demand for arbitration was based upon Plaintiffs' failure to pay the May 10, 2010 invoice for claims incurred during 1999-2001 in the amount of $540,991.  [Smoak Decl., Exh. 3, p. 1]  In the demand, National Union demanded that Plaintiff, pursuant to the arbitration provision in the Payment Agreements, appoint a qualified arbitrator.  [Smoak Decl., Exh. 3, p. 2]

Plaintiff has submitted to and participated in the arbitration process.  On June 1, 2012, Plaintiff timely appointed its arbitrator.  [Smoak Decl., ¶ 5]  On July 3, 2012, National Union timely appointed its arbitrator.  [*See id.*]  The arbitrators have exchanged slates of umpire candidates, and the deadline for the arbitrators to select an umpire is August 2, 2012.  [*See id.*]

### 3.    **LEGAL ARGUMENT**

### A.    **This Action Should Be Dismissed Because the Disputes Raised By This Action Are Encompassed by the Broad Arbitration Provision in the Payment Agreements**

It is well established "that where the contract contains an arbitration clause, there is a presumption of arbitrability" and any doubts are resolved in favor of arbitration.  *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650, 106 S. Ct. 1415 (1986).   Unless the Court can conclude "*with positive assurance*" that the

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

arbitration clause "is *not* susceptible" of an interpretation that covers the parties' dispute, the matter must proceed in arbitration. *AT&T, supra* at 650, *citing Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 584-585 (1960) (emphasis added).  Section 3 of the Federal Arbitration Act ("FAA") further provides that "upon being satisfied that the issue involved in [a] suit . . . is referable to arbitration . . . , [a court] shall on application of one of the parties stay the trial of the action until such arbitration has been had …" 9 U.S.C. § 3.  District courts, however, are not limited to the option of ordering a "stay."  Where the claims in the complaint are subject to contractual arbitration, the court may dismiss the action outright under Rule 12(b)(6).  *See Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 637-38 (9th Cir. 1988); *Luna v. Kemira Specialty, Inc.,* 575 F. Supp. 2d 1166, 1176 (C.D. Cal. 2008) ("Where a complaint and the attached exhibits demonstrate that all of plaintiff's claims are subject to arbitration, a court may dismiss the complaint under Rule 12(b)(6).").  To the extent there is any doubt concerning arbitrability, the United States Supreme Court has directed that any doubt be resolved in favor of arbitration. *See Moses H. Cone Memo. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983). Thus, Defendants request that this Court dismiss the claims made against all Defendants, so to allow the parties to arbitrate the disputes asserted in the Complaint in accordance with the parties "Arbitration Agreement."

As we explained above, the Payment Agreements provide an unequivocal and broad arbitration provision.  Specifically, under the headings "HOW WILL DISAGREEMENTS BE RESOLVED?" and "What if we disagree about payment due?", the plain language of the agreements state that "any" disputes over payment due "must" be arbitrated:

> "Any disputed items not resolved within 60 days after our response to *your* written particulars must immediately be submitted to arbitration as set forth below."

> [Smoak Decl., ¶ 2-3, Exhs. 1 & 2, p. 8 (underline added).]

The Arbitration Agreement is not limited to disputes over payment, but also, broadly, "any other unresolved dispute" arising under the Payment Agreement:

> **"What about disputes other than disputes about payment due**?
>
> <u>Any other unresolved dispute</u> arising out of this Agreement must be submitted to arbitration."
>
> [Smoak Decl., ¶ 2-3. Exhs., 1 & 2, p. 8 (bold in original; underline added).]

Plaintiff's claims, as alleged in the complaint, fall squarely under its payment obligations under the Payment Agreements. Specifically, as alleged, Defendants delivered an invoice to Plaintiff on or about May 10, 2010 demanding payment of $540,991 relating to claims made under the workers' compensation policies issued to Plaintiff during the 1999 to 2001 period. [*Cmplt.* ¶ 29.] Plaintiff contends it was surprised by this invoice because Defendants allegedly "failed to provide annual reviews, calculations, or notices for the policies during the prior years." [*Cmplt.* ¶ 30.] Plaintiff contends that the demand for this money is "time-barred" and Defendants' alleged continued demand for payment constitutes breach of the implied covenant of good faith and fair dealing. [*Cmplt.* ¶ 42.] This dispute over Plaintiff's payment obligation falls within the scope of the arbitration provision in the Payment Agreements and is encompassed within the pending arbitration.

In this action, Plaintiff also contend that Defendants breached their duties to Plaintiff by: (1) negligently adjusting claims; (2) failing to keep Plaintiff apprised of claims that Defendants were resolving on their behalf; and (3) failing to properly notify Plaintiff of any claims for additional premium. [*Cmplt.*¶ 33] These alleged breaches are <u>defenses</u> to Plaintiff's payment obligation and underlie the Plaintiff's claim that it does not owe the alleged increased payment amount of $540,991. As Plaintiff contends, Defendants' allegedly mishandling of claims is a purported attempt to extract more revenue from Plaintiff. [*See Cmplt.*¶ 36 (alleging that Defendants "mishandled and settled claims for the sole purpose of increasing revenue

to Defendants at the expense of Plaintiff.")]  Any allegation concerning the mishandling of claims is part and parcel with Plaintiff's dispute over its payment obligation and is subject to and will be resolved by the pending arbitration proceeding.

To the extent that there is any doubt that Plaintiffs' claims fall within the scope of the contractual arbitration provision as a "payment dispute," such claims must still be arbitrated as they fall within the Payment Agreements "catch-all" provision that covers "disputes other than disputes about payment due" and/or "[a]ny other unresolved dispute arising out" of the Payment Agreements.  [Smoak Decl., ¶ 2-3, Exhs. 1 & 2, p. 8.]  Plaintiff's contention that it should not have to pay monies owed due to alleged mishandling of claims is a dispute arising out of the Payment Agreement – i.e., a dispute arising out of Plaintiff's refusal to pay monies under those agreements.

Finally, under the Payment Agreements, the arbitration panel is specifically given "exclusive jurisdiction over the entire matter in dispute, including <u>any question as to its arbitrability</u>."  [Smoak Decl., ¶ 2-3, Exhs. 1 & 2, p. 9 (emph. added).]  If there is any doubt as to whether Plaintiffs' claims are subject to arbitration, this question must be submitted in the first instance to arbitration for determination.  Although the question of arbitrability is generally reserved for the Court, the parties may agree by contract to delegate this determination to the arbitrators, and if so, it must be enforced by the court. *Momot v. Mastro*, 652 F.3d 982, 987-88 (9th Cir. 2011).

In sum, Plaintiff's Complaint sets forth a payment dispute and nothing more.  All payment disputes are required to be arbitrated.  Plaintiff voluntarily agreed to arbitrate all payment disputes and the arbitration process has already begun.  This entire action is subject to the arbitration provision in the Payment Agreements and, therefore, should be dismissed under Rule 12(b)(6).  *See Sparling*, *supra* at 637-38;

1 | *Luna*, *supra* at 1176.  To the extent, there may be any question as to the arbitrabiltiy
2 | of any issue, that question must also be first addressed within the context of the
3 | arbitration.

4

5 | **B.     Alternatively, this Action Should Be Stayed Pending Completion of**
6 | **the Already Pending Arbitration**

7 | If this Court determines that any part of this action is not subject to
8 | arbitration or opts not to dismiss this action, the Court should stay this action pending
9 | completion of the arbitration process, which will  render moot most, if not all, claims
10 | in this action.  *See* 9 U.S.C. § 3; *see also Paramount Farms, Inc. v. Ventilex B.V.*,
11 | 2009 U.S. Dist. LEXIS 6980 (E.D. Cal. Jan. 22, 2009) ("[A] court can properly stay a
12 | suit before it if any issue in the suit is arbitrable, even if some issues are not."); *see*
13 | *also Janmort Leasing, Inc. v. Econo-Car International, Inc.*, 475 F. Supp. 1282, 1293
14 | (E.D.N.Y. 1979) (finding that "federal courts have not hesitated to stay the litigation
15 | of nonarbitrable claims until the conclusion of arbitration, provided that economies of
16 | time and effort for court and parties can thereby be achieved and that 'the party
17 | seeking the stay can demonstrate that he will not hinder the arbitration, that the
18 | arbitration will be concluded within a reasonable time; and that the delay will not
19 | work an undue hardship on the party opposing the stay.'")

20 | Finally, in the event this court determines there is a question of arbitrability,
21 | which Defendants maintain does not exist given the breadth of the arbitration
22 | provision and allegations of the Complaint, this matter must be stayed to permit the
23 | arbitrators to resolve any such question as required by the Payment Agreements.
24 | *Momot v. Mastro*, 652 F.3d 982, 987-88 (9th Cir. 2011).

25 | **4.     CONCLUSION**

26 | For all of the foregoing reasons, Defendants respectfully request that the Court
27 | find that arbitration provision applies and dismiss Plaintiffs' claims, or in the
28 | alternative, stay the action until arbitration is completed.

1  Dated:  July 26, 2012                    BARGER & WOLEN LLP

2

3                                           By: _James C. Castle_____

4                                           STEVEN H. WEINSTEIN
                                            SPENCER Y. KOOK
                                            JAMES C. CASTLE
5                                           Attorneys for Defendants Chartis,
                                            Inc., Chartis Aerospace Insurance
6                                           Services, Inc.; Chartis Claims, Inc.;
                                            Charter Global Claims Service,
7                                           Inc.; Chartis Global Services, Inc.;
                                            Chartis Insurance Agency, Inc.
8                                           Chartis Casualty Company; Chartis
                                            Property Casualty Company;
9                                           Chartis Warranty Guard, Inc.;
                                            National Union Fire Insurance
10                                          Company of Pittsburg, PA; The
                                            Insurance Company of the State of
11                                          Pennsylvania; American Home
                                            Assurance Company; New
12                                          Hampshire Insurance Company;
                                            AIU Insurance Company;
13                                          Commerce and Industry Insurance
                                            Company; Illinois National
14                                          Company; American International
                                            South Insurance Company;
15                                          American International Pacific
                                            Insurance Company; Granite State
16                                          Insurance Company; and National
                                            Union Fire Insurance Company of
17                                          Louisiana

18

19

20

21

22

23

24

25

26

27

28