Leonard C. Herr, #081896
Ron Statler, #234177
DOOLEY, HERR, PELTZER & RICHARDSON
Attorneys at Law, LLP
100 Willow Plaza, Suite 300
Visalia, California 93291
Telephone: (559) 636-0200

**EXEMPT FROM FILING FEES**
**[GOV. CODE §6103]**

Attorneys for Plaintiff, CITY OF VISALIA

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF VISALIA, | Case No.: 1:12-cv-01181-AWI-SMS |
| Plaintiff, | **CITY'S OPPOSITION TO MOTION TO STAY OR DISMISS PLAINTIFF'S COMPLAINT** |
| v. | |
| CHARTIS, INC; CHARTIS AEROSPACE INSURANCE SERVICES, INC.; CHARTIS CLAIMS, INC.; CHARTIS GLOBAL CLAIMS SERVICES, INC.; CHARTIS GLOBAL SERVICES, INC.; CHARTIS INSURANCE AGENCY, INC.; CHARTIS CASUALTY COMPANY; CHARTIS PROPERTY CASUALTY COMPANY; CHARTIS WARRANTYGUARD, INC.; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA; THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; AMERICAN HOME ASSURANCE COMPANY; NEW HAMPSHIRE INSURANCE COMPANY; AIU INSURANCE COMPANY; COMMERCE AND INDUSTRY INSURANCE COMPANY; ILLINOIS NATIONAL INSURANCE COMPANY; AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY; AMERICAN INTERNATIONAL PACIFIC INSURANCE COMPANY; GRANITE STATE INSURANCE COMPANY; LANDMARK INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF LOUISIANA; and DOES 1-50, inclusive. | Hrg. Date:   August 27, 2012
Time:        1:.30 p.m.
Courtroom:   2
Judge:       Anthony W. Ishii

Complaint Filed: May 31, 2012 |
| Defendants. | |

-1-

**CITY'S OPPOSITION TO MOTION TO DISMISS OR STAY PLAINTIFF'S COMPLAINT**

Law Offices of
DOOLEY, HERR,
PELTZER &
RICHARDSON
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

# I.

## INTRODUCTION

With complete disregard for City's status as a public entity, California's Government Code (claims filing requirements), Insurance Code (requirements for signed documents) and basic contract law, Defendants desperately seek to obtain judgment against City for almost $600,000 by arbitration where "due process" is met by whatever the arbitrators decide is "fair and equitable." Defendants hope to complete this "hat trick" without ever setting foot in the courts of California. This is not right.

This lawsuit is not based on claims of breach of contract. This lawsuit is based on Defendants' violation of California's Unfair Handling Practices law which is, in this case, a breach of the implied covenant of good faith and fair dealing and, which, in this case, also gives rise to a claim for breach of a fiduciary. Even if a breach of contract is subsumed in this claim, City did not sign one of the contracts upon which Defendants rely. The motion should be denied in its entirety.

California law requires that all insurance policies in this state be signed by the insurer. While the Federal Arbitration Act does not require signatures on writings, the FAA cannot undermine state insurance rules. City does not have, and has not been shown, a subscribed policy from the second of the two insurance contracts. Does the FAA apply to that contract? No. Again, the motion to dismiss should be denied.[1]

The litigation violating important public policies contained in California law involves two documents. One is from 1999 – an insurance contract apparently signed by both Plaintiff and a signatory who may or may not satisfy the requirements of California Insurance Code section 386. The other is from 2000 – it contains no signatures. City did not agree to arbitration under that contract.

---

[1] Should this Court determine a stay is appropriate, that stay should be predicated on the likely return of the latter of the two subject contracts to its docket.

Law Offices of
DOOLEY, HERR,
PELTZER &
RICHARDSON
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-2-

**CITY'S OPPOSITION TO MOTION TO DISMISS OR STAY PLAINTIFF'S COMPLAINT**

While both documents have been referred to as "contracts," and are again here, that is done for colloquial ease; it is not an admission.

## II.

### THE MOTION SHOULD BE DENIED IN ITS ENTIRETY BECAUSE THE CONDUCT COMPLAINED OF DID NOT ARISE FROM THE CONTRACT

The subject matter of the lawsuit does not arise from conduct within a contract; it arises from the conduct of Defendants outside of any contract – indeed, the Complaint on its face shows that it arises from their attempt to prevent an alleged contract from being enforced:

> The claims adjusting services Defendants provided contain an implied covenant of good faith and fair dealing which prohibits Defendants from engaging in any activity or conduct which would prevent the other party from receiving the benefits of the deal.

Because the allegation extends to conduct that prevents the other party from receiving the benefits of a deal, it is a breach of the implied covenant of good faith in enforcement. The obligation to conduct one's self in good faith is breached by dishonest conduct like "conjuring up a pretended dispute, asserting an interpretation contrary to one's own understanding, or falsification of facts. ... Other types of violations have been recognized in judicial decisions: ... [including] willful failure to mitigate damages, and abuse of a power to determine compliance ...." Restatement (second) of Contracts § 205 comt. e (1981). Other forms of dishonesty may arise from "... interference with or failure to cooperate in the other party's performance." *Id*, comt. d.

On its face, the claim is time-barred. If the claim is time-barred, the claim cannot arise from the contract because the contract can no longer be enforced – the contract is done. Any attempt to collect now falls into the conduct quoted from the Restatement.

If collection is time-barred (assuming it was ever owed at all), it: is a pretended dispute because the dispute no longer exists at law; implies an

Law Offices of
DOOLEY, HERR,
PELTZER &
RICHARDSON
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-3-

**CITY'S OPPOSITION TO MOTION TO DISMISS OR STAY PLAINTIFF'S COMPLAINT**

1  interpretation of the contract as having effect from a later date than appears on the
2  face of the contract; and abuses Defendants' authority to determine compliance
3  with City's obligation to pay because Defendants sat on their hands and did
4  nothing to collect when they could have done so.  This latter conduct would also
5  constitute a willful failure to mitigate damages when Defendants "failed to provide
6  annual reviews, calculations, or notices for the policies during the prior years."
7  Complaint, p. 5, ll. 26-27.  For that matter, why not avoid damages altogether by
8  sending a timely bill?  If we assume the money was never owed, Defendants'
9  conduct breached the implied covenant with a conjured dispute and falsification of
10 facts.  False facts are necessarily conjured – false facts used to conjure a dispute.

11 Such interferences are taken seriously in California – unfair or deceptive
12 practices violate the State's laws regulating the business of insurance.  (Ins. Code §
13 790.02.)

14 While the implied covenant arises from a contract, the breach of it cannot do
15 so.  This must be the case, or contracts would be self-defeating – the duty is
16 "implied to protect the express covenants of the contract." *Racine & Laramie, Ltd v.*
17 *California Dept. of Parks & Recreation*, 11 Cal.App.4th 1026, 1031-1032, n. 4
18 1992).  If the breach attacks the express conditions, the breaching conduct arises
19 from outside the conduct contemplated by those express conditions.

20 City's complaint does not arise from any conduct undertaken as part of a
21 contract – it arises from Defendant's conduct outside of any agreement, whether
22 written, oral, or implied, designed to destroy or unreasonably enlarge it.  The
23 motion should be denied in its entirety.

24 **III.**

25 **DEFENDANTS OFFER NO AUTHORITY FOR DISMISSAL OR**
   **STAY OF THE ACTION AS TO THE 2000 CONTRACT AND THE**
26 **1999 CONTRACT DISPUTE SHOULD, AT MOST, BE STAYED**

27 Neither the text of the FAA, Defendants' case law, nor the faces of the
28 subject contracts provide for dismissal of a lawsuit just because there is an

Law Offices of
DOOLEY, HERR,
PELTZER &
RICHARDSON
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-4-

**CITY'S OPPOSITION TO MOTION TO DISMISS OR STAY PLAINTIFF'S COMPLAINT**

1 arbitration clause. While dismissal can be proper, it is not necessarily so. Defendants cite to *Sparling v. Hoffman Const. Co., Inc.*, which did affirm a dismissal, but that dismissal was proper because the arbitration clause was broad enough to bar all of the plaintiff's claims. 864 F.2d 635, 638 (9th Cir. 1988). Here, there is a substantial question of whether an arbitration clause even exists in the latter contract because it is not entirely clear that the latter contract exists at all. The second contract fails to satisfy state law regarding the creation of an insurance contract, and even fails to satisfy its own requirements for formation because it is not signed.

### A. The FAA Cannot Undermine State Insurance Law

While the FAA is comprehensive and applied broadly, its breadth is limited. This lawsuit involves two contracts – one that took effect in 1999, the other purportedly effective in 2000. These are, on their face, workers' compensation insurance contracts. It appears that the Defendants declined to bind themselves to the terms of the latter contract – the contract is therefore in violation of California law. It does not exist as a writing. While the FAA can apply to unsigned contracts, it cannot apply to contracts that are not valid under California's laws regulating the business of insurance.

Insurance policies from corporate insurers, "shall be subscribed by the president or …" other specifically identified people from the incorporated insurer. (Cal. Ins. Code § 386.) City does not have, is not aware of, and has not been provided with a subscribed copy of the insurance contract from 2000. Please see Declaration of Leonard C. Herr, signed August 13, 2012, filed concurrently with this opposition.

The FAA applies to written arbitration agreements. 9 U.S.C. § 2. A writing does not necessarily have to be signed to be enforceable under the FAA. *Valero Refining, Inc. v. M/T Lauberhorn* 813 F.2d 60, 64 (5th Cir. 1987). But insurance agreements do have to be signed under Section 386 of California's Insurance Code.

Law Offices of
DOOLEY, HERR,
PELTZER &
RICHARDSON
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-5-

**CITY'S OPPOSITION TO MOTION TO DISMISS OR STAY PLAINTIFF'S COMPLAINT**

Congress took great pains to respect state insurance law as it is affected by its own actions: they shall not "invalidate, impair, or supersede any law enacted by a State for the purpose of regulating the business of insurance," unless the federal act "specifically relates to the business of insurance."  15 U.S.C. § 1012(b).

While the FAA can apply to the business of insurance, there is nothing in the Act indicating it is targeted at the business of insurance.  On the other hand, Section 386 of California's Insurance Code obviously regulates the business of insurance; it is a statute from the Insurance Code telling incorporated insurance businesses (like the defendants) what they have to do before the business of a insurance contract can be binding.  Even though the FAA does not require signatures to an arbitration agreement, California's regulation of insurance does – and the 2000 contract does not have any.  Defendants did not even sign it in 2000.  Now, despite their own decision to avoid the terms of the contract back then, Defendants choose to enjoy the benefits of it now.  They cannot do this.  The Contract is ineffective as an insurance contract in California.  City cannot be bound to its terms.

### B. The 2000 Contract's Own Terms Require The City's Signature

The 2000 contract requires a signature from City.  At page 10, immediately above the signature lines is a clause in the agreement in which City does not agree to be bound unless an authorized person from the City signs it: "[t]he individual executing this agreement on [City's] behalf has full right and authority to execute and deliver this agreement and to bind [City] *jointly and severally*."  At p. 10.

"Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."  *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648 (1986).  While Defendants are quick to quote *AT&T Technologies* for its presumption that contract should be arbitrated, they fail to mention that the presumption was "of

Law Offices of
DOOLEY, HERR,
PELTZER &
RICHARDSON
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-6-

**CITY'S OPPOSITION TO MOTION TO DISMISS OR STAY PLAINTIFF'S COMPLAINT**

1 arbitrability for labor disputes recogniz[ing] the greater institutional competence of
2 arbitrators in interpreting collective-bargaining agreements...." (*Id.* at 650.) The
3 2000 contract is not a collective bargaining agreement approved by a vote of the
4 union members and signed by the union and the employer – this is an insurance
5 contract with nobody's signature.

6 While neither California law nor the FAA requires an authorized signature
7 from City to bind it to the 2000 contract's terms, the contract itself looks like it
8 does. The contract asks the City, by the subscription, to recognize the authority of
9 the subscriber to bind it. The 2000 contract, as put forward by the Defendants,
10 contains no such subscription. The 2000 contract, by its own terms, recognizes its
11 own non-existence. Defendants ask this Court to bind City to an agreement to
12 which neither City nor the Defendants agreed to be bound.

13 **C. There Is No Reason To Stay Anything Until This Court Determines Questions Of Arbitrability. In The Alternative, The Action Should Be**
14 **Stayed Pending Determination Of The Validity Of The 2000 Contract So Arbitrability Can Be Determined By The Court Later**
15

16 Questions of arbitrability under the FAA are left to the Court. *Howsam v.*
17 *Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002). Defenses to the contract as a
18 whole are left to the arbitrators. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 US
19 440 (2006). One can argue that City's position goes to the 2000 contract as a
20 whole – the failure of both Defendants and the City to sign it affect the contracts
21 existence. On the other hand, the contract as a whole may be determinative of its
22 arbitrability. Without a contract, there is no agreement to arbitrate. This Court
23 should determine the arbitrability of the 2000 contract by determining if it is a
24 contract at all. In the alternative, the action should be stayed for a determination
25 of whether the contract is valid, subject to a subsequent determination of the
26 arbitrability based on the arbitrator's decision.

27 In any event, dismissal of the action is wholly inappropriate. There are
28 issues of whether the matter to be arbitrated – which is predicated on a contract

Law Offices of
DOOLEY, HERR,
PELTZER &
RICHARDSON
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-7-

**CITY'S OPPOSITION TO MOTION TO DISMISS OR STAY PLAINTIFF'S COMPLAINT**

that may or may not exist – that remains to be determined.  Indeed, even if it is determined that the contract does not exist but gives rise to an implied or quasi-contract, the arbitrability of that obligation will be a subject for the Court's determination under the *Howsam* decision.

## IV.

## CONCLUSION

This case should not be dismissed.  Further, a stay of the action is unnecessary because this Court can determine arbitrability with a short briefing schedule and a hearing.

DATED: August 13, 2012          DOOLEY, HERR, PELTZER & RICHARDSON, LLP


                                By:   /s/ Leonard C. Herr
                                      LEONARD C. HERR
                                      Attorney for Plaintiff,
                                      CITY OF VISALIA

F:\Client Files\Visalia, City of, 700\700-00 ADMINISTRATION\700-03  Risk Management\700-03-012 COV v. Chartis (AIG (N.U.))\Federal Case\Mt to Dismiss by Chartis\COV's Opposition to motion to dismiss or stay.doc

Law Offices of
DOOLEY, HERR,
PELTZER &
RICHARDSON
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-8-

**CITY'S OPPOSITION TO MOTION TO DISMISS OR STAY PLAINTIFF'S COMPLAINT**