IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CITY OF VISALIA, ) | | 1:12-CV-01181 AWI SMS |
| ) | | |
| Plaintiff, ) | | ORDER GRANTING |
| ) | | DEFENDANTS' MOTION TO |
| v. ) | | STAY OR DISMISS |
| ) | | |
| CHARTIS INC., et al., ) | | (Doc. 6) |
| ) | | |
| Defendants. ) | | |
| ) | | |

    This is an action for breach of fiduciary duty and breach of the implied covenant of good faith and fair dealing brought by Plaintiff City of Visalia ("City") against Defendants Chartis, Inc.; Chartis Aerospace Insurance Services, Inc.; Chartis Claims Service, Inc.; Chartis Global Services, Inc.; Chartis Insurance Agency, Inc.; Chartis Casualty Company; Chartis Property Casualty Company; Chartis Warranty Guard, Inc.; National Union Fire Insurance Company of Pittsburg, PA; The Insurance Company of the State of Pennsylvania; American Home Insurance Company; New Hampshire Insurance Company; AIU Insurance Company; Commerce and Industry Insurance Company; Illinois National Company; American International South Insurance Company; American International Visalia Insurance Company; Granite State Insurance Company; Landmark Insurance Company; National Union Fire Insurance Company of Louisiana; and Does 1-50 inclusive ("Defendants"). Defendants have filed a motion to dismiss or, in the alternative, to stay the action pending completion of arbitration. *See* Court's Docket, Doc. No. 6.

The City timely filed an opposition, and Defendants filed a reply.  *See id.*, Doc. Nos. 7, 8.  For the reasons stated herein, Defendants' motion will be granted.

## BACKGROUND

Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") provided workers' compensation coverage to the City.  The insurance coverage was governed by a Payment Agreement executed by the City and National Union, on behalf of its itself and all companies affiliated with National Union that provided insurance coverage and services to the City, effective June 30, 1999 (the "1999 Payment Agreement").  *See* Court's Docket, Doc. No.6-2, Decl. of Evan Smoak, Ex. 1.  In 2000, National Union issued a second Payment Agreement, effective June 30, 2000 (the "2000 Payment Agreement").[1]  *See id.* at Ex. 2.  The Payment Agreements each contained the following arbitration clause:

> **HOW WILL DISAGREEMENTS BE RESOLVED?**
>
> **What if we disagree about payment due?**
> If *you* disagree with us about any amount of *Your Payment Obligation* that we have asked *you* to pay, within the time allowed for payment *you* must:
> - give us written particulars about the items with which *you* disagree;
> - and pay those items with which *you* do not disagree
>
> We will review the disputed items promptly and provide *you* with further explanations, details, or corrections . . . Any disputed items not resolved within 60 days after our response to your written particulars must be immediately submitted to arbitration as set forth below . . .
>
> **What about disputes other than disputes about payment due?**
> Any other unresolved dispute arising out of this Agreement must be submitted to arbitration.  *You* must notify us in writing as soon as *you* have submitted a dispute to arbitration.  We must notify *you* in writing as soon as we have submitted a dispute to arbitration.

Smoak Decl., Exs. 1, 2 at 8-9.  The Payment Agreements further provide that the arbitrators "will have exclusive jurisdiction over the entire matter in dispute, including any questions as to its arbitrability."  *See* Smoak Decl., Exs. 1, 2 at 9.  On or about May 10, 2010, the City received an invoice for $540,991 for claims incurred during 1999-2001.  *See* Compl. ¶ 29.  On March 28,

---

[1] As discussed below, the City challenges the validity of the 2000 Payment Agreement because it bears no signatures.  *See* Court's Docket, Doc. No. 7 at 2.

2012, National Union, on behalf of itself and all of its affiliates, made a demand for arbitration upon the City for payment of the invoice.[2]  *See* Smoak Decl., Ex. 3.

On May 31, 2012, the City filed the instant action in Tulare County Superior Court seeking a declaratory judgment that Defendants' claim for the amount due and owing is time-barred, and for damages for breach of fiduciary duty and breach of the implied covenant of good faith and fair dealing.  *See* Court's Docket, Doc. No. 1.  On July 19, 2012, Defendants removed the action to this Court on the basis of diversity jurisdiction.  *Id.*  Defendants now move to either dismiss the action for failure to state a claim, or to stay it pending completion of the arbitration process.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *see* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility," and thus survives a motion to dismiss, "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009). On a Rule 12(b)(6) motion to dismiss, the court accepts all material facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005). However, the court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to

---

[2] Defendants represent that the arbitration process is proceeding expeditiously.  Both parties have appointed their arbitrators, and the arbitrators timely appointed an umpire.  *See* Court's Docket, Doc. No. 8-1, Decl. of Matthew Ferlazzo ¶ 7.

judicial notice, unwarranted deductions of fact or unreasonable inferences. *Daniels–Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir.2010). Without converting the motion into one for summary judgment, a court may consider external documents in deciding a motion to dismiss if the documents are "incorporated by reference" in the complaint. *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

## DISCUSSION

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, a party to a lawsuit pending in federal court may seek a stay of the action pending arbitration of one or more issues raised by the litigation. *See Wagner v. Stratton Oakmont, Inc.* 83 F.3d 1046, 1048 (9th Cir. 1996). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985).

When all claims made in the litigation are subject to arbitration, courts may also choose to dismiss the action in its entirety for the failure to state a claim under Rule 12(b)(6). *See Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 638 (9th Cir.1988); *see also Martin Marietta Aluminum, Inc. v. Gen. Elec. Co.,* 586 F.2d 143, 147 (9th Cir.1978) (holding that the judge had discretion to grant summary judgment when all the plaintiff's claims were barred by an arbitration clause); *cf. Underwriters Reinsurance Co. v. Ace Am. Ins. Co.,* No. CV0208177CASJTLX, 2003 WL 24011931, at *7 (C.D. Cal. Feb. 10, 2003) (dismissing plaintiff's action where all claims were arbitrable). To decide whether to stay or alternatively to dismiss the City's action in this case, the Court must determine whether there is an arbitration agreement that covers all claims made in the pending action.

Defendants contend the City's claims in this action are defenses to its payment obligation and are therefore covered by the arbitration clause. The City's claims for breach of fiduciary duty and breach of the implied covenant of good faith and fair dealing are based on allegations that "Defendants sent Plaintiff an invoice for claims incurred during 1999-2001 for $540,991 and continues to seek payment of this invoice." Compl. ¶ 29. The City alleges Defendants breached their duties to the City by:

(1) Negligently adjusting claims made against Plaintiff;
(2) Failing to keep Plaintiff fully and completely apprised of claims, with Defendants were resolving on behalf of Plaintiff; and
(3) Failing to properly notify Plaintiff of any claims for additional premiums.

Compl. ¶ 33. Accordingly, the City contends it "was naturally surprised [by the invoice] as Defendants failed to provide annual reviews, calculations, or notices for the policies during the prior years." Compl. ¶ 30. Finally, the City argues Defendants' demand for payment is "time barred." Compl. ¶ 42. Defendants maintain that because the City's claims relate to the disputed payment obligation, these claims fall within the scope of the arbitration clause.

In opposition, the City first contends Defendants' motion should be denied because its claims do not arise from conduct undertaken as part of the contract. The City's principal argument in this regard is that its claims for breach of the implied covenant of good faith and fair dealing do not arise from the Payment Agreement, and therefore the arbitration clause does not apply. The Court disagrees. Here, the arbitration clause encompasses any dispute over payments owed under the Payment Agreements and "[a]ny other unresolved dispute arising out of this Agreement." *See* Smoak Decl. Exs. 1, 2 at 9. Given this broad language, labeling its claims as "breach of fiduciary duty" and "breach of implied covenant of good faith and fair dealing" does not insulate the City from the arbitration clause where the claims arise out of a dispute about the parties' contractual relationship. *See EFund Capital Partners v. Pless*, 150 Cal. App. 3d 99, 105 (Cal. App. 1982) (agreement to arbitrate any dispute arising from or out of a contract encompasses tort claims, including fraud in the inducement and negligent misrepresentation).

5

The City also asserts that "if a claim is time-barred, the claim cannot arise from the contract because the contract can no longer be enforced - the contract is done." *See* Court's Docket, Doc. No. 7 at 3. Putting aside the circular reasoning in this argument, both the United States and California Supreme Courts have held that the question of whether a claim is timely is for the arbitrators to decide. *See Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 85, 123 S.Ct. 588 (2002) (applicability of time limit rule is question for arbitrator); *Wagner Constr.*, 41 Cal. 4th at 26 (statute of limitations is "affirmative defense" for arbitrator to decide).

The City further contends there is a substantial question whether the 2000 Payment Agreement exists at all because it does not contain signatures from either party. However, as the City concedes, defenses to the contract as a whole are left to the arbitrators. *See Buckeye Check Cashing v. Cardegna*, 546 U.S. 440, 449, 126 S. Ct. 1204 (2006) ("We reaffirm today that, regardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator.") (citing *Prima Paint v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404, 87 S. Ct. 1801 (1967)). Even if the City's position regarding the 2000 Payment Agreement is instead viewed as a challenge to arbitrability, in this case, the parties have agreed that the arbitrators "will have exclusive jurisdiction over the entire matter in dispute, including any question as to arbitrability." *See* Smoak Decl. Exs. 1, 2 at 9. The Supreme Court has "recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Center, West, Inc. v. Jackson*, ___ U.S. ___, 130 S.Ct. 2772, 2777 (2010), (citing *Howsam,* 537 U.S. at 83–85, 123 S.Ct. 588; *Green Tree Financial Corp. v. Bazzle,* 539 U.S. 444, 452, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003)). Thus, the City's argument concerning the 2000 Payment Agreement is a question for the arbitrators.[3]

---

[3] Defendants advance two additional arguments regarding the validity of the 2000 Payment Agreement. First, Defendants contend the 1999 Payment Agreement covers both policies at issue in the arbitration - the 1999 policy and a 2000 renewal policy - and thus the

6

The Court concludes that there is indeed an arbitration provision subject to the FAA that covers all of the City's causes of action. Because the City's claims must be resolved by contractual arbitration, the Complaint shall be dismissed with prejudice.

**CONCLUSION & ORDER**

Accordingly, for the reasons stated herein:

1. Defendants' Motion to Stay or Dismiss Plaintiff's Complaint is GRANTED;

2. The complaint is DISMISSED with prejudice;

3. The Clerk is directed to CLOSE this case.

**IT IS SO ORDERED.**

Dated:   January 11, 2013

**SENIOR DISTRICT JUDGE**

---

City's payment obligations are subject to the arbitration clause in the 1999 Payment Agreement. Second, Defendants contend the City is estopped from denying its obligation to arbitrate under the 2000 Payment Agreement because it accepted the benefits of that agreement. The Court declines to address either argument, as they are also questions of arbitrability.

7